**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4700**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYSHA S. HOLMES,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Timothy M. Cain, Chief District Judge.  (3:21-cr-00193-TMC-1)

_____

Submitted:  May 13, 2024                                    Decided:  June 21, 2024

_____

Before WILKINSON, AGEE, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Andrea G. Hoffman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tysha S. Holmes appeals her convictions and five-month sentence imposed for one count of embezzlement, in violation of 18 U.S.C. § 641 ("Count One"), and one count of making a false statement to obtain workers' compensation benefits, in violation of 18 U.S.C. § 1920 ("Count Three"). Holmes first asserts that the district court erroneously instructed the jury regarding "willful blindness" because such an instruction should only be given in rare circumstances and the Government failed to present evidence justifying that the court issue the instruction. Holmes also asserts that the district court erroneously calculated the restitution amount Holmes was ordered to pay because the amount included loss resulting from her conduct underlying a § 1920 offense charged in a count of which she was acquitted ("Count Two"). Finding no reversible error, we affirm.

As Holmes failed to object to the district court's decision to issue the willful blindness instruction and did not object to the restitution amount in her presentence report ("PSR") or at sentencing, we review for plain error. *See United States v. Smithers*, 92 F.4th 237, 246 (4th Cir. 2024) ("[A] waived or forfeited objection [to a jury instruction] is analyzed under plain error."); *United States v. Stone*, 866 F.3d 219, 225 (4th Cir. 2017) ("[W]hen, as here, the defendant fails to object to the restitution order, we review for plain error."). "Under that standard, [Holmes] may not obtain relief unless: (a) the error was plain; (b) the error affected substantial rights, meaning that there is a reasonable probability that, but for the error, the outcome of the proceeding would have been different; and (c) the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *United States v. Heyward*, 42 F.4th 460, 465 (4th Cir. 2022) (internal

quotation marks omitted). "This standard is difficult to satisfy." *Id.* (internal quotation marks omitted).

Regarding the willful blindness instruction, "[§] 1920 of the criminal code makes it unlawful to knowingly and willfully make a false, fictitious, or fraudulent statement or representation in connection with the application for or receipt of compensation or other benefit or payment under a federal program." *United States v. Catone*, 769 F.3d 866, 872 (4th Cir. 2014) (cleaned up). The parties conceded in the district court, to prove Holmes violated § 1920, the Government had to establish that (1) Holmes knowingly and willfully made a false statement; (2) the statement was material; (3) the statement was made to obtain OWCP benefits; and (4) Holmes received more than $1,000.

As to the false statement element, the Government had the burden to establish that Holmes "acted knowingly and willfully with the specific intent to deceive." *United States v. Schnabel*, 939 F.2d 197, 203 (4th Cir. 1991). In this regard, "[i]t is well established that where a defendant asserts that he did not have the requisite mens rea to meet the elements of the crime but evidence supports an inference of deliberate ignorance, a willful blindness instruction to the jury is appropriate." *United States v. Miller*, 41 F.4th 302, 314 (4th Cir. 2022) (cleaned up). "Evidence supports an inference of deliberate ignorance if it tends to show that (1) the defendant subjectively believes that there is a high probability that a fact exists and (2) the defendant took deliberate actions to avoid learning of that fact." *Id.* (cleaned up). We have explained that "[t]he willful blindness instruction allows the jury to impute the element of knowledge to the defendant if the evidence indicates that [s]he

3

purposely closed h[er] eyes to avoid knowing what was taking place around h[er]." *Schnabel*, 939 F.2d at 203.

Holmes is correct that "caution must be exercised in giving a willful blindness instruction," which "is appropriate only in rare circumstances." *United States v. Ali*, 735 F.3d 176, 187 (4th Cir. 2013). This is so "because the instruction presents the danger of allowing the jury to convict based on an *ex post facto* theory (he should have been more careful) or to convict on a negligence theory (the defendant should have known his conduct was illegal)." *United States v. Lighty*, 616 F.3d 321, 378 (4th Cir. 2010). Holmes therefore asserts that, because there was no evidence she took affirmative action to avoid learning of her obligations to correctly report her income, the district court's instruction provided an avenue for the jury to convict her based on mere recklessness or negligence.

We conclude that the district court did not commit plain error in issuing the willful blindness instruction. First, the Government's evidence established that Holmes was aware of her obligation to report any employment in the 15 months preceding her completion of the 1032 Forms underlying the charged § 1920 offenses. The 1032 Forms also contained a warning, in all capital letters, that failure to accurately report all work activities could result in severe penalties, including criminal prosecution, and Holmes received the cover letters and 1032 Forms containing these instructions and warnings multiple times between 2012 and 2017.

Holmes correctly argues that to justify issuance of a willful blindness instruction, this court has looked to affirmative conduct a defendant has taken to avoid discovering a legal obligation. *See, e.g.*, *United States v. Ravenell*, 66 F.4th 472, 491 (4th Cir. 2023)

4

(concluding that evidence of defendant's "machinations to maintain plausible deniability," including testimony that the defendant instructed an associate of a drug dealer "not to give him cash from drug proceeds and instead to give him checks and money orders," demonstrated deliberate avoidance), *cert. denied*, No. 23-638, 2024 WL 1607762 (U.S. Apr. 15, 2024).  But we conclude that the evidence presented at trial, including Holmes' testimony that her husband had to complete the 1032 Form underlying Count Three because of stress and medical conditions she was experiencing at the time, justified the district court's willful blindness instruction.  *Id.*  Moreover, although Holmes does not challenge the substance of the district court's willful blindness instruction, the court's instruction carefully tracked the applicable standard and explained that the jury could not infer knowledge if the only proof established that Holmes was negligent or mistaken regarding her reporting obligations.  We presume that the jury followed the court's instruction, *see United States v. Johnson*, 587 F.3d 625, 631 (4th Cir. 2009), especially since it acquitted Holmes of providing false statements on the 1032 Forms underlying the § 1920 charges of which Holmes was acquitted.

Turning our attention to the district court's restitution order, the Mandatory Victims Restitution Act ("MVRA"), codified at 18 U.S.C. § 3663A, requires "defendants convicted of certain crimes to pay their victims restitution." *Lagos v. United States*, 584 U.S. 577, 580 (2018).  These crimes include "any offense committed by fraud or deceit," § 3663A(c)(1)(A)(ii), and "in which an identifiable victim . . . has suffered a . . . pecuniary loss," § 3663A(c)(1)(B).  Thus, the statute "authorizes an award of restitution only for the

5

loss caused by the specific conduct that is the basis of the offense of conviction." *United States v. Blake*, 81 F.3d 498, 506 (4th Cir. 1996) (cleaned up).

Holmes' PSR expressly indicated that $18,649.39 in restitution should be ordered to be paid to OWCP since that amount was required under the MVRA. As Holmes made no objections to the PSR, the district court was entitled to rely upon the "undisputed portion" of the PSR in determining restitution. *See* Fed. R. Crim. P. 32(i)(3)(A); *United States v. Roy*, 88 F.4th 525, 533 (4th Cir. 2023) (A district court may "accept any undisputed portion of the presentence report as a finding of fact.").

Moreover, Holmes was convicted of Count Three *and* embezzlement as alleged in Count One. Count One charged Holmes with embezzling more than $1,000 of money from 2015 through the date of the indictment, which was originally filed on July 20, 2021. The timeframe for the embezzlement amount therefore included May 2016, which is when Holmes executed the 1032 Form underlying Count Two.

And reviewing the district court's factual findings regarding the appropriate amount of loss caused by Holmes' crimes in conjunction with the evidence and argument presented during her trial and at sentencing, we conclude that the district court did not commit clear error in finding—by a preponderance of the evidence—that OWCP was entitled to $18,649.39 in restitution for Holmes' embezzlement. *Cf. United States v. Seignious*, 757 F.3d 155, 163 (4th Cir. 2014) (explaining that, to determine—on plain error review—whether district court erroneously calculated loss amount, the court must first determine whether the district court committed clear error in finding that loss amount was supported by a preponderance of the evidence). Indeed, although Holmes had the burden to refute

6

the Government's evidence establishing the amount of restitution she owed, *see United States v. Underwood*, 95 F.4th 877, 894 (4th Cir. 2024) ("[O]nce the Government has satisfied its burden to offer evidence supporting its restitution calculation, the burden shifts to the defendant to dispute that amount with [her] own evidence" (cleaned up)), Holmes conceded at trial that the Government correctly calculated the amount she owed and that she received an overpayment of approximately $18,000 for her failure to report her employment during the relevant years.

As support for her argument that the district court committed plain error when it ordered her to pay restitution for conduct underlying Count Two, Holmes primarily relies on the Supreme Court's decision in *Hughey v. United States*, 495 U.S. 411, 416 (1990) ("[R]estitution as authorized by [18 U.S.C. § 3579(a)(1)] is intended to compensate victims only for losses *caused by the conduct underlying the offense of conviction*." (emphasis added)), as well as this court's decision in *United States v. Llamas*, 599 F.3d 381 (4th Cir. 2010), and the Court of Appeals for the Seventh Circuit's decision in *United States v. Kane*, 944 F.2d 1406 (7th Cir. 1991). In both *Llamas* and *Kane*, however, the defendants challenged restitution ordered for convictions for *conspiracy* offenses that were supported by expressly alleged overt acts of which defendants were acquitted. *See Kane*, 944 F.2d at 1414; *see also United States v. Llamas*, No. 3:05-cr-00400-FDW-4 (W.D.N.C., PACER No. 84 at 5-11).

Here, Holmes was ordered to pay the challenged restitution amount because she was convicted of a substantive embezzlement charge that, rather than alleging overt acts as support, generally alleged a timeframe during which the embezzlement occurred. Thus,

7

the cases upon which Holmes relies are not determinative of the issue Holmes raises on appeal. *See United States v. Bailey*, 975 F.2d 1028, 1033-34 (4th Cir. 1992) (finding restitution order permissible under § 3663(a)(1) and *Hughey* where "[t]he central difference between the 'offense' in Bailey's case and that in *Hughey* is that Bailey's offense was defined broadly in the indictment" and observing that "[c]ases following *Hughey* have reversed restitution orders mainly where the trial court orders restitution for acts of which the defendant was not convicted"); *see also Rosales-Mireles v. United States*, 585 U.S. 129, 134 (2018) (reiterating that for an error to be "plain" it must be "clear or obvious"). We therefore conclude that the district court committed no plain error in calculating the restitution amount for which Holmes was responsible.

Based on the foregoing, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*